**Robert J. HOGSHOOTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 30549.**

Missouri Court of Appeals,
Western District.

June 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Julian J. Ossman, Asst. Circuit Atty., 19th Judicial Circuit, Jefferson City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, C. J., and SHANGLER, PRITCHARD, WASSERSTROM, SOMERVILLE, TURNAGE and CLARK, JJ.

SHANGLER, Judge.

The defendant appeals from denial of a Rule 27.26 motion to vacate the judgment of conviction for failure to return from furlough [§ 557.351, RSMo 1978] and the sentence of two years confinement entered. It is the contention on appeal that the judgment of the court failed to make findings of fact and conclusions of law on all issues presented as required by Rule 27.26(i).

The formal motion raises the single issue: that the court was without jurisdiction to render judgment for want of venue. In lieu of other evidence, the defendant subscribed to a "stipulation of facts" and a "stipulation of law" to amplify the pleading. These facts recite that the defendant during lawful confinement in the penitentiary was furloughed to the City of Bolivar, in Polk County, Missouri, overstayed leave, was apprehended in Greene County, and

was then returned to the custody of the penitentiary in Cole County, Missouri. The defendant was charged for the unlawful failure to return by information in Cole County and entered his plea of guilty to that venue.

Although couched in terms of jurisdiction, the pleading of the defendant was properly understood by the Rule 27.26 court to contend that the venue for the prosecution for unlawful failure to return was properly in Polk County, where leave expired and not Cole County, the place of lawful return. The defendant says, nevertheless, that the conclusion by the court that venue properly lay in Cole County was not found by sufficient facts in the judgment. The basis for the judgment, however, was the very facts formulated by stipulation of the defendant. The actual cavil is against the conclusion of law based upon the facts tendered as evidence that the situs of original confinement was a proper venue for prosecution. The validity of that exercise, however, need not be examined. The defendant submitted a plea of guilty to the Cole County Court without remonstrance and so waived the venue. The right of an accused to the place of trial provided by State Constitution or statute is a personal prerogative which may be waived. *State v. Speedy*, 543 S.W.2d 251, 255[4, 5] (Mo.App. 1976).

The judgment is affirmed.

All concur.