**STATE of Missouri, Respondent,**

v.

**Stephen GARDNER, Appellant.**

**No. 61972.**

Supreme Court of Missouri,
Division 1.

June 11, 1981.

Respondent's Motion for Clarification of Opinion Denied July 14, 1981.

Alfred O. Hardy, Kansas City, for appellant.

Mark Comley, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from judgment of conviction, on jury verdict finding Stephen Gardner guilty of capital murder, § 565.001, RSMo 1978, with sentence to life imprisonment without eligibility for parole until a minimum of fifty years of the sentence has been served.

This case arises from the incident detailed in *State v. Mercer,* 618 S.W.2d 1 (Mo. banc No. 61797, decided May 11, 1981).

According to the state's evidence, the appellant Gardner provided the victim, Karen Keeton, as a "birthday present" for Mercer. After the victim, having been threatened by Mercer with a sawed-off shotgun, had engaged in sexual intercourse with Mercer and appellant and engaged in oral sodomy with a third person, appellant, upon leaving the scene of the encounter, told Mercer: "Kill the bitch," a directive with which Mercer complied.

Mercer and a fourth participant, John Campbell, took the victim's body to a rural area of Kansas and dumped it over a fence into a field.

Some three or four weeks later, Campbell and his attorney found the body, badly decomposed. Law enforcement officers were notified and Campbell detailed the occurrence and testified for the state at appellant's trial.

In this Court, appellant's first assignment of error is based upon the admission into evidence of a photograph of the decomposed body of the victim, taken at the scene of its discovery by law enforcement officials. Appellant contends that the photograph, showing the body in a somewhat mummified state, from which neither identification of the victim nor cause of death could be ascertained, was "so gruesome and inflammatory, vulgar and repulsive that it was prejudicial to the defendant and since it had no real purpose or probatory value its admission was prejudicially erroneous." Appellant's primary reliance is upon *State v. Floyd*, 360 S.W.2d 630 (Mo.1962).

In *Floyd*, the court found error in the admission of a photograph of the decomposed body of the homicide victim, holding that the photograph was neither offered nor needed for any of the conventional purposes of photographic depiction of a homicide victim's body, including identification of the victim, showing the nature and location of wounds, proving the character of the weapon, assisting in determining the degree of the crime or showing the cause of death. 360 S.W.2d 633.

However, a photograph of the body of a homicide victim, although gruesome, may be introduced into evidence for not only such purposes. Such evidence is admissible if " * * * it tends to show some fact or circumstance material to the case" or " * * * enables the jury to better understand the fact and the testimony of witnesses [citation omitted] or tends to corroborate, explain or clarify the testimony of witnesses, [citation omitted]." *State v. Stevens*, 467 S.W.2d 10, 24 (Mo.1971).

In admitting the photograph here questioned, the trial court noted that it showed " * * * the location of the body as it was discovered." As such, and as the trial court further noted at the hearing on the motion for new trial, it was corroborative of the testimony of Campbell, the state's principal witness, whose credibility was the subject of strong attack. Therefore, the trial court's admission of the photograph into evidence was not error. *Stevens.*

Appellant's second assignment of error is based upon the trial court's failure to instruct upon first degree murder in the commission of rape. § 565.003, RSMo 1978.

The court instructed on capital murder, conventional murder in the second degree and manslaughter. Relying upon *State v. Handley*, 585 S.W.2d 458 (Mo. banc 1979), the court refused to instruct on first degree murder.

The trial court's reliance upon *Handley* was misplaced. *State v. Wilkerson*, 616 S.W.2d 829 (Mo. banc No. 62497, decided May 11, 1981). The failure to instruct on first degree murder in the commission of rape (the claim of error preserved in appellant's motion for new trial) requires reversal of the judgment of conviction. MAI–CR 2d 15.00 3.

Appellant has complained in this Court of the refusal of other "felony murder" instructions. These claims were not presented in the trial court and will not be considered here. Upon retrial, the directives of MAI–CR 2d 15.00 3. must be observed and the jury instructed on any degree of homicide "justified by the evidence."

Reversed and remanded.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

DONNELLY and MORGAN, JJ., concur.

RENDLEN, P. J., concurs in result.