**252**

STATE of Missouri, Respondent,

v.

**Larry Wayne EMERSON, Appellant.**

No. 62750.

Supreme Court of Missouri,
Division No. 1.

Nov. 10, 1981.

Daniel V. O'Brien, St. Louis, for appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

DONALD BARNES, Special Judge.

Upon trial by jury, appellant was convicted of capital murder, December 23, 1979, in the Circuit Court for the City of St. Louis and following denial of his motion for a new trial, he was sentenced to life imprisonment without eligibility for parole for 50 years. This appeal was taken. We affirm.

The essential facts are as follows. By his fiance, appellant was introduced to and hired by one Judy Elsea to kill Elsea's employer who she feared was about to cause her to be prosecuted for her embezzlement of substantial sums of money from him. Appellant agreed to perform the deed for $5,000. He was paid a total of $2,500 in two payments, and thereafter apparently met again with Elsea to learn of the intended victim's place of employment and residence and other facts essential in carrying out the killing.

At the trial, appellant stated he never intended to kill anyone, but was only interested in "ripping off" Elsea; and that after Elsea had contacted him more than once urging him to carry out the slaying of her employer, appellant called Elsea and arranged to meet her the same day about noon. He did meet her at the appointed place and entered her car on the passenger's side whereupon, according to appellant, Elsea handed him an envelope containing $1,200 in cash expressing satisfaction that her employer had been murdered as planned. At that point, appellant states, he informed Elsea he had not killed her employer and did not intend to. Thereupon Elsea threatened appellant and reached into her purse for what appellant thought was a weapon. A struggle ensued. Appellant held his gun on Elsea in an attempt to prevent her from withdrawing something from her purse and during the scuffle Elsea was shot four times (the medical evidence showed at close range).

Further evidence showed appellant fled the scene of the shooting, delivering his

weapon to a co-worker with instructions to dispose of it. The co-worker, first denying any knowledge of the incident, surrendered the gun to the police.

After his arrest, appellant gave a statement to the police substantially the same as his testimony at trial.

Other witnesses, appellant's fiance and her aunt, testified that prior to the shooting of Elsea appellant had stated to them it would be easier to kill Elsea because she might later report him to the police for the killing of her employer, and he further stated that a certain Saturday night would be an appropriate time for killing Elsea.

The jury was instructed on capital murder, second degree murder, and manslaughter, and also given an instruction of self-defense. The jury rejected that defense and returned a verdict of capital murder.

At the instruction conference, appellant's counsel specifically agreed with counsel for the state and the court that an instruction on murder first degree (felony murder) should not be given.

A motion for new trial was filed and in due time, by the trial court, heard and overruled. No assignment of error for failure to instruct on first degree murder was set out in appellant's motion for new trial nor were any facts alleged therein warranting such an instruction.

On the appeal, it is asserted the trial court erred in failing to instruct on murder first degree and that murder first degree is a statutory and factually lesser included offense.

■ Appellant's assignment of error is rejected for two reasons. Appellant specifically agreed that no instruction on murder first degree should be given by the court thereby inviting error, if there be error. Further, in his motion for new trial, appellant failed to assign as error the failure to instruct on murder first degree and alleged no facts warranting a murder first degree instruction in accordance with Supreme Court Rule 29.11(d), (formerly Rule 27.-20(a)). Accordingly, the issue has not been preserved for review. *State v. Cheek*, 413 S.W.2d 230 (Mo.1967); *State v. Schulten*, 529 S.W.2d 432 (Mo.App.1975); *State v. Harris*, 535 S.W.2d 145 (Mo.App.1976); *State v. Howard*, 615 S.W.2d 498 (Mo.App. 1981). We believe this to be dispositive of this case.

■ Apparently anticipating the foregoing holding, counsel for appellant urges a review under the "plain error" rule, Supreme Court Rule 30.20 (1980), and argues under the aegis of *State v. Gardner*, 618 S.W.2d 40 (Mo.1981) and Section 556.046 and Section 565.003 RSMo an instruction on murder first degree is required. *Gardner* holds murder first degree is a lesser included offense of capital murder, but only if justified by the evidence; that is, all essential elements of murder first degree must be found or inferred from the evidence. Section 556.046, RSMo 1977 and Supplemental Notes on Use 3 (Caveats c and d) MAI–CR2d 15.00.

Appellant contends the evidence discloses he was engaged in the offense of robbery at the time of the killing of Elsea. Both robbery first degree and robbery second degree require a forcible stealing. We have carefully considered the evidence for any justification of the contention appellant "forcibly" stole from Elsea. There is none. By his own account, both in his statement to the police and his testimony at trial, appellant obtained the payment from Elsea received shortly before her murder entirely peaceably and agreeably prior to the exertion of any force or the production of or use of any weapon by him against her. Stealing by deceit is not included in Sec. 565.003, RSMo 1977.

An instruction on murder first degree should be given only where there is evidence to support that offense.

Judgment affirmed.

MORGAN, P. J., BARDGETT and RENDLEN, JJ., and SLOAN and STEELMAN, Special Judges, concur.