STATE of Missouri, Respondent,

v.

James M. DONOVAN, Appellant.

No. 62618.

Supreme Court of Missouri,
Division One.

April 8, 1982.

Cornelius T. Lane, Jr., St. Louis, for appellant.

Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

NUGENT, Special Judge.

James Donovan appeals from a jury verdict of June 6, 1980, finding him guilty of

murder first degree, § 565.003, RSMo. 1978, and assessing a sentence of life imprisonment. This court has jurisdiction pursuant to the Missouri Constitution, Article V, § 3. We reverse the judgment and remand the case.

On August 3, 1979, the body of Harry Williams was found in a lake in Wilmore Park in the City of St. Louis. A medical examiner revealed that his death was the result of some forty-eight stab wounds. The St. Louis Police Department was informed in an August 5 memorandum from one of its officers and by an August 9 anonymous telephone call that James Donovan and Dan Dempsey were responsible for the killing. Donovan and Dempsey were arrested on the afternoon of August 9. The indictment charged Donovan with murder in the first degree in violation of § 565.003 in the perpetration of the felony of robbery in violation of § 569.030.

At the instruction conference at the close of the trial the trial judge made the following statement:

The Defendant has testified that, if I may paraphrase, that the man, Dempsey, said, "Let's roll the man, Williams." The Defendant said he declined, that thereafter, he went for a ride with Dempsey and the Defendant, Williams, and that he expected just to ride around and drink some beer and smoke some marijuana.

That they got to the Willmore [sic] Park, where he went to relieve himself and the man, Williams, made sexual advances, which he rebuffed and subsequently they went to the edge of the lake and Williams suggested swimming.

That after a few minutes, the Defendant got up, took off his belt, considering the idea of going swimming.

That he then heard Dempsey shout grab him, that he instinctively then threw his belt around Williams, either around his chest or his neck, and pulled back and saw Dempsey approaching him, thinking Dempsey was going to be punching him, and then realized that Dempsey was stabbing him and did not release him until after a few stab wounds had been inflicted.

That there is evidence that there was a nick in the Defendant's belt, which could be caused by the knife.

That there is further evidence that the Defendant had said he didn't like fags and the jury can put that in context with other evidence respecting how the offense was committed.

And I think that it would give rise to evidence on which they could find manslaughter.

I don't believe that the recent cases which have been presented to the Court preclude manslaughter from being considered by the jury, and on the contrary, believe that if the evidence justifies it, the instruction on manslaughter must be given.

The Court had considered giving the lesser offense of murder in the second degree, but in view of the opinion of *State vs. McCall*, handed down by the Eastern District of the Missouri Court of Appeals, March 25, 1980, in footnote five, where it's stated that it is error to submit second degree murder in that—where there is a charge of first degree felony murder, because the elements of second degree murder are not elements of first degree murder, and the Court will not do that.

The Court has reviewed the recent case of *State vs. Martin*, which is an arson case, and observes that in that opinion Judge Smith says that it can be acknowledged—this is quoting—"It can be acknowledged that in many most common felony murders it is possible for the defendant to be not guilty of first degree murder and still guilty of a lesser homicide, close quote. There is no comment on the footnote provision of the *McCall* article so this Court believes that it is bound by that footnote provision and can't submit murder second.

The Court has examined the case, *State of Missouri vs. Hanley* [sic], decided by the Missouri Supreme Court, and cited 585 S.W.2d 458, and does not believe that that precludes submission of murder and manslaughter.

Thereafter, the trial court instructed on murder in the first degree and manslaughter. Although the failure to instruct on second degree felony murder was the main thrust of defendant's motion for new trial and it is, therefore, specifically preserved, the failure to instruct on conventional second degree murder was implicitly preserved by the inclusion in that motion of MAI–CR 15.00(e).[1] The failure to instruct on either conventional second degree murder or second degree felony murder is explicitly addressed in Donovan's brief.

We believe, as the trial judge appears to have believed, that a jury could have reasonably found from the evidence that the evidence justifies instructions on both conventional murder second degree and second degree felony murder. The trial judge's reliance upon *State v. Handley*, 585 S.W.2d 458 (Mo.1979), was misplaced. *State v. Wilkerson*, 616 S.W.2d 829 (Mo. banc 1981).

The judgment must be reversed and the case remanded. "Upon retrial, the directives of MAI–CR2d 15.00 3. must be observed and the jury instructed on any degree of homicide 'justified by the evidence.'" *State v. Gardner*, 618 S.W.2d 40, 41 (Mo.1981).

Since the other points presented by Donovan may or may not arise on retrial, they need not be considered at this time.

The judgment is reversed and remanded for further proceedings.

MORGAN, P. J., RENDLEN, J., and KENNEDY, Special Judge, concur.

BARDGETT, J., concurs in result.

---

1. MAI CR 15.00(e) is:

e. Subject to a c above, if murder in the first degree is the highest homicide submitted, the court must give the following instruction:

MAI CR 15.18 on conventional manslaughter.

The court must also give either one or both of the following instructions which are justified by the evidence:

MAI-CR 15.14 on conventional second degree murder, and

MAI CR 15.16 on any second degree felony-murder.