Roger L. WINNINGHAM, Movant,

v.

STATE of Missouri, Respondent.

No. 12658.

Missouri Court of Appeals,
Southern District,
Division III.

Jan. 25, 1983.

J. Michael Mowrer, Kennett, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

By his motion under Rule 27.26, the movant seeks to have his sentence of life imprisonment vacated. This Court has jurisdiction. *Bryant v. State,* 604 S.W.2d 669 (Mo. App.1980). The movant was so sentenced when he entered a plea of guilty to a charge of first degree felony murder. He was accorded an evidentiary hearing upon his motion under Rule 27.26. The trial

court made careful and detailed findings of fact and conclusions of law upon the several issues presented and denied the motion. On appeal, the movant presents but one point of error. Only a very brief summary of the evidence pertinent to that point is required.

On April 30, 1976, a complaint charging the movant with the murder of Carl Fancher on April 28, 1976, was filed in the Magistrate Court of Wayne County. A preliminary hearing was held and he was bound over to the Circuit Court of Wayne County. An information charging the movant with capital murder was filed in the circuit court of that county. Thereafter, a change of venue was awarded the movant and the case was transferred to the Circuit Court of Dunklin County. On December 15, 1976, as a result of a plea agreement, the following occurred. An amended information charging the movant with the first degree felony murder of Carl Fancher was filed. The movant, after careful interrogation by the circuit judge, entered a plea of guilty to that amended charge.

■ The movant contends the Circuit Court of Dunklin County had no jurisdiction because the amended information charged an offense different than the offense charged in the original information. *State v. Thompson,* 392 S.W.2d 617 (Mo. 1965). He acknowledges that even had he objected to the same, the trial court could have properly permitted the amendment had it stated a lesser included offense. *State v. Gladies,* 456 S.W.2d 23 (Mo.1970). Also see *State v. Warfield,* 507 S.W.2d 428 (Mo.App.1974). But, he contends first degree felony murder is not a lesser included offense of capital murder. He appropriately cites *State v. Handley,* 585 S.W.2d 458 (Mo.1979).

The state replies by citing *State v. Wilkerson,* 616 S.W.2d 829 (Mo. banc 1981). *Wilkerson* held that under a charge of first degree felony murder, the jury was properly instructed on second degree conventional murder as a specifically denominated lesser degree of first degree felony murder. *Wilkerson* at p. 833. To the extent it conflicted therewith, *Wilkerson* declared that

*Handley* should no longer be followed. *Wilkerson* at p. 833. The state then argues its position is clearly supported and controlled by *State v. Gardner,* 618 S.W.2d 40 (Mo.1981). *Gardner* held that under a charge of capital murder, the trial court erred in not instructing on first degree felony murder. The state then reasons that under the original information in this case, the court would have been required to have submitted the offense of first degree felony murder. Therefore, the defendant was not prejudiced by the amendment and therefore it was proper. Compare *Boothe v. State,* 534 S.W.2d 74 (Mo.App.1976) and *State v. Warfield,* supra. Under these authorities, the state's position is sound.

Of course, this court must consider *State v. Baker,* 636 S.W.2d 902, 1982, decided after the movant's brief was filed. In *Baker* the homicide occurred on June 19, 1980. *Baker* held that under a charge of capital murder, the trial court properly refused to instruct on first degree felony murder. However, in *Baker* the court carefully noted the differences in the statutes involved in *Wilkerson* and *Gardner* from the statutes applicable to a homicide committed on June 19, 1980. *Baker* did not overrule either *Wilkerson* or *Gardner.* The statutes applicable to the homicide of Carl Fancher on April 28, 1976, are virtually identical to the statutes that form the basis for *Wilkerson* and *Gardner.* See § 556.220, RSMo 1969; § 559.009, RSMo Supp.1975; § 565.006, RSMo Supp.1977. For these reasons, this court believes that *Wilkerson* and *Gardner* are controlling and thereby the judgment of the trial court must be affirmed.

■ Moreover, even assuming the amended information charged a different offense than the original information, the Circuit Court of Dunklin County nevertheless had jurisdiction to accept the plea and sentence the movant. There is no question that the circuit court had jurisdiction over the subject matter of first degree felony murder and of the person of the defendant. *Jennings v. State,* 631 S.W.2d 361 (Mo.App. 1982). The fact the movant did not have a preliminary hearing upon the amended

charge did not deprive the circuit court of jurisdiction. The right to a preliminary hearing may be waived. *State v. Wood,* 596 S.W.2d 394 (Mo. banc 1980). If the movant had a right to a preliminary hearing upon the specific charge of first degree felony murder, *State ex rel. Thomas v. Crouch,* 603 S.W.2d 532 (Mo. banc 1980), that right was waived when he entered a plea of guilty. *State v. Cooper,* 344 S.W.2d 72 (Mo.1961). The fact the offense was not committed in Dunklin County did not prevent the circuit court of that county from acquiring jurisdiction. Prescribed venue can be waived. *State v. Wood,* supra. When the defendant entered the plea of guilty, he waived any objection to improper venue. *Hogshooter v. State,* 585 S.W.2d 175 (Mo.App.1979). In summary, when the movant entered that plea, he "waived all defenses other than failure of the amended information to charge an offense." *State v. Small,* 386 S.W.2d 379, 382 (Mo.1965). Also see *Hayes v. State,* 501 S.W.2d 508 (Mo.App.1973). The amended information did charge the offense. The judgment is affirmed.

FLANIGAN, J., GREENE, C.J., and PREWITT, J., concur.