**STATE of Missouri, Respondent,**

v.

**Rufus AMERSON, Appellant.**

**No. 13012.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 6, 1983.

Blair Buckley, Jr., Wesley D. Coleman, Caruthersville, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Kristie Green, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

A jury found defendant guilty of sexual abuse in the first degree, § 566.100.1(2),[1] and the trial court imposed a four-year sentence. Defendant appeals.

Defendant asserts that the trial court erred in permitting the state, on the day of the trial, to amend the information so as to change the offense charged from rape, § 566.030, to sexual abuse in the first degree, § 566.100.1(2). The information, in its original form and as amended, alleged that the offense took place on July 4, 1982, in Pemiscot County. The original information charged that the defendant "had sexual intercourse with Sheryl Ree Carter, to whom defendant was not married and who was then less than 12 years old." The amended information charged that the defendant "subjected Sheryl Carter, a person less than 12 years old, to sexual contact." A week prior to the trial, on defendant's application, a change of venue was granted from Pemiscot County to Dunklin County.

Rule 23.08 provides, in pertinent part: "Any information may be amended ... at any time before verdict or finding *if no additional or different offense is charged* and if a defendant's substantial rights are not thereby prejudiced...." (Emphasis added.) Its statutory counterpart, § 545.-300, dealing with amending an information, similarly provides that "no such amendment shall be allowed as would operate to charge an offense different from that charged or attempted to be charged in the original information."

▮ Missouri cases have consistently held that it is not permissible to amend an information if the effect of the amendment is to charge an offense different from the one originally charged. *State v. Gladies,* 456 S.W.2d 23 (Mo.1970); *State v. Couch,* 523 S.W.2d 612 (Mo.App.1975); *State v.*

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to

Missouri Rules of Court, V.A.M.R.

*Burnside,* 527 S.W.2d 22 (Mo.App.1975). A lesser included offense, however, is not a different offense within the meaning of the principle's proscription. *State v. Gladies,* supra; *State v. Couch,* supra. A verdict and a judgment rendered upon an amended information charging a different offense are nullities and "the impermissible amendment rises to the denial . . . of due process of law." *State v. Burnside,* supra.

In *State v. Harris,* 620 S.W.2d 349 (Mo. banc 1981), the court held that sexual abuse in the *third* degree, (§ 566.120), is not a lesser included offense of rape, (§ 566.030). The court said:

"The distinguishing feature rendering sexual abuse other than a lesser offense of rape under § 566.030 is found in the difference between sexual intercourse and sexual contact. The former means 'any penetration, however slight, of a female sex organ by the male sex organ, whether or not an emission results.' § 566.010.1(1), RSMo 1978. Sexual contact is 'any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, *for the purpose of arousing or gratifying sexual desire of any person.*' (Emphasis added.) § 566.-010.1(3), RSMo 1978. Thus, as well as proscribing conduct not punishable as rape, sexual abuse in the third degree requires a mental state, as shown in the italicized portion of the referenced statute, not necessary to conviction of rape. In rape, purpose and motive are irrelevant."

Both sexual abuse in the first degree and sexual abuse in the third degree involve subjecting another person "to sexual contact." Thus the rationale of *State v. Harris* makes it clear that the amended information sought to charge the defendant with an offense different from the offense originally charged. Such an amendment is not permissible.

On remand the state "may proceed further upon the original information or dismiss the cause and file a new information, subject to any possible question of limitations, or proceed otherwise as it may see fit." *State v. Gladies,* supra. It may not proceed further in this cause on any charge except that of rape.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion. Appellant is remanded to the custody of the sheriff of Dunklin County.

GREENE, C.J., CROW, P.J., and MAUS and PREWITT, JJ., concur.