Steven SKAGGS, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54194.

Missouri Court of Appeals,
Eastern District,
Division One.

June 21, 1988.

Steven E. Jordon, Asst. Public Defender, Farmington, for movant-appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On August 31, 1985, the prosecuting attorney of Ste. Genevieve County filed charges against movant. On November 8, 1985, movant pled guilty to one count of second degree burglary and one count of stealing in the Circuit Court of St. Francois County and was sentenced to two five-year prison terms, to be served consecutively.[1]

■ Movant alleged in his amended Rule 27.26 motion that the trial court lacked jurisdiction because he was sentenced in St. Francois County. The record reveals that when movant's plea was taken in St. Francois County he specifically and voluntarily waived any objections to the St. Francois County venue.

The Missouri Constitution, Article I, § 18(a), provides defendants with a trial in

the county in which the offense occurred.[2] The courts, however, have determined that the venue provision of § 18(a) is "a personal prerogative which may be waived." *Hogshooter v. State,* 585 S.W.2d 175, 176 (Mo.App.1979); *State v. Speedy,* 543 S.W. 2d 251, 255 (Mo.App.1976). Therefore, the fact that the offense was not committed in St. Francois County did not prevent the circuit court of that county from acquiring jurisdiction. *Winningham v. State,* 646 S.W.2d 145, 147 (Mo.App.1983).

■ By pleading guilty, movant waived all nonjurisdictional defects in the trial court proceedings. *State v. Cody,* 525 S.W.2d 333, 335 (Mo. banc 1975); *Chamberlain v. State,* 721 S.W.2d 139, 140 (Mo.App.1986). Furthermore, movant expressly waived any objections to the St. Francois County proceedings.

■ In movant's second point he alleges that the wrong prosecuting attorney represented the state. The charges were filed by the Ste. Genevieve County prosecuting attorney, but the case was eventually tried by the St. Francois County prosecuting attorney in the St. Francois County Circuit Court. The prosecuting attorney of St. Francois County indicated that he was appearing for the Ste. Genevieve prosecuting attorney, that a plea bargain had been made, and that if movant pled guilty, he would recommend on behalf of the state that the plea bargain be fulfilled. Movant and his counsel consented to this procedure.

We find no error in the procedure and no prejudice to movant.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.

---

1. St. Francois County and Ste. Genevieve County are in the 24th Judicial Circuit of Missouri. Thus, the same circuit judges preside in both counties.

2. Section 18(a) provides "[t]hat in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county." Mo. Const. Art. I, § 18(a).