STATE of Missouri, Respondent,

v.

John G. McCRARY, Appellant.

No. WD 40475.

Missouri Court of Appeals,
Western District.

Nov. 1, 1988.

Jim Lynn, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

John G. McCrary entered a plea of guilty to a charge of sexual abuse in the first degree, § 566.100, RSMo 1986,[1] and was sentenced by the court to a term of five years. McCrary contends that the court did not acquire jurisdiction to accept his plea and assess punishment because the State filed an amended information which charged a different offense. Affirmed.

McCrary was charged with rape, § 566.030 in the Circuit Court of Grundy County. Thereafter the case was transferred to Harrison County on a change of venue. A trial resulted in a hung jury and the court declared a mistrial.

A second trial was commenced on July 15, 1987. After the voir dire examination but before the jury was selected, the prosecuting attorney informed the court that he was filing a charge of sexual abuse in the first degree and that McCrary had agreed to plead guilty to such charge. On that day the prosecuting attorney of Grundy County filed an information which charged McCrary with committing sexual abuse in the first degree in Grundy County. The information makes no reference that it is an amended information, but simply con-

1. All sectional references are made to RSMo 1986.

tains the charge of sexual abuse in the first degree.

The court conducted a hearing to determine whether or not to accept the plea. At one point the court referred to the charge as an amended information. The plea agreement provided that no recommendation as to punishment would be made and the court extensively examined McCrary on the point that McCrary understood that punishment was entirely up to the court. At the conclusion of the hearing the court accepted the plea of guilty and ordered a pre-sentence investigation.

McCrary appeared for sentencing and the court sentenced McCrary to five years' imprisonment. The court made an entry in its docket that the State had filed an amended information charging sexual abuse in the first degree, that McCrary waived formal arraignment, and knowingly and voluntarily entered a plea of guilty.

The court entered judgment in which it recited that McCrary had been charged with rape and "... that thereafter, on the 15th day of July, 1987, the defendant entered a plea of guilty to the charge of sexual abuse in the First Degree...." The judgment further recited that after determining that the plea was voluntarily and freely made, that the court accepted the plea and ordered a pre-sentence investigation. The judgment further recites the punishment assessed at five years confinement in the Department of Corrections and Human Resources.

McCrary contends that he entered a plea of guilty to a charge of sexual abuse in the first degree contained in an amended information which had originally charged rape. McCrary relies on *State v. Amerson,* 661 S.W.2d 852 (Mo.App.1983), that an amended information which changed the charge from rape to sexual abuse in the first degree charged a different offense in violation of Rule 23.08 and that the court therefore acquired no jurisdiction of the charge of sexual abuse.

■ There is no question that Rule 23.08 provides that an information may be amended if no additional or different offense is charged, nor is there any question

that under *Amerson,* if an amended information is filed which charges a different offense, the court acquires no jurisdiction of the new offense. McCrary is entitled to appeal after a guilty plea if the court in fact did not acquire jurisdiction because a different charge was inserted in an amended information. *State v. McKinzie,* 736 S.W.2d 571, 572[1–3] (Mo.App.1987).

The difficulty with McCrary's position is his premise that he pleaded guilty to an amended information. As noted above the judgment did not refer to the charge of sexual abuse as being contained in an amended information but simply referred to the plea as being made to the charge of sexual abuse in the first degree. The judgment refers to the charge of rape having been filed and then refers to the charge of sexual abuse to which McCrary entered a plea.

The information filed by the prosecuting attorney on the day the plea was entered does not recite that it is an amended information. It is an information in usual form which charges sexual abuse in the first degree. It does not make any reference whatever to being an amended information.

In *Wenzel v. Wenzel,* 283 S.W.2d 882, 888[14–17] (Mo.App.1955), the court stated that a recital in a judgment:

[I]s presumed to be true and correct and imports absolute verity unless contradicted by other parts of the record, 49 C.J.S., Judgments, § 437, p. 869, of equal dignity and importing equal verity as the judgment.

In *Wenzel,* the court was confronted with a situation in which the judgment recited that the bonds of matrimony had existed between the parties but the court had made a statement during the hearing to the effect that no marriage existed. The court held that the judgment could not be impeached by an oral finding of the court or by memoranda made by the judge on his trial docket. *Id.* at 887[6–10].

■ Under the holding in *Wenzel,* cited with approval in *Gomez v. Gomez,* 336 S.W.2d 656, 660[11] (Mo. banc 1960), the recital in the judgment that McCrary en-

tered a plea of guilty to the charge of sexual abuse in the first degree without any mention of an amended information imports absolute verity that a separate and new charge of sexual abuse in the first degree was filed and that an amended information was not filed. The judgment is supported by the information which was filed charging sexual abuse in the first degree which does not make any mention of being an amended information. As stated in *Wenzel* the verity of the judgment may not be impeached by the oral statements made by the judge during the hearing nor by the entry in his docket sheet. Based on the judgment entry supported by the information charging sexual abuse, the court had jurisdiction because no amended information was filed.

■ One problem remaining is that the offense of sexual abuse was alleged to have occurred in Grundy County and the charge was filed in Harrison County and the plea of guilty was made in that county. No complaint was made by McCrary at any time that venue of the sexual abuse charge was not in Harrison County. In *Hogshooter v. State*, 585 S.W.2d 175, 176[1, 2] (Mo. App.1979), this court held that when a defendant enters a plea of guilty without remonstrance as to venue the issue of venue has been waived. Thus, when McCrary entered his plea in Harrison County without any objection as to venue, he waived any objection to venue.

The judgment is affirmed.

All concur.