Danny R. HAYDEN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15935.

Missouri Court of Appeals,
Southern District,
Division Two.

May 16, 1989.

Jim Lynn, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant sought, under Rule 24.035, to vacate a judgment and sentence for unlawful use of a weapon. § 571.030.1(4), RSMo 1986. He plead guilty to the offense and received a sentence of five years' imprisonment. The trial court denied the motion to vacate and movant appeals.

Appellant presents one point for our consideration. That point states:

The motion court clearly erred by denying appellant's motion to vacate his judgment and sentence and by finding that the trial court had jurisdiction to accept appellant's plea of guilty to the charge of unlawful use of a weapon and to sentence appellant on a conviction for that offense, because the trial court was without jurisdiction to render a judgment on the charge, in that the information with which appellant was charged was improperly amended to charge a different offense thereby depriving appellant of his right to due process of law.

Although not cited by the parties, *Winningham v. State*, 646 S.W.2d 145, 146–147 (Mo.App.1983), disposes of this point. Here, as in *Winningham*, the information was filed as a result of a plea agreement. In both cases the charge was for a crime of which the circuit court had subject matter jurisdiction. It is not disputed here that the information charged an offense and that movant voluntarily plead guilty to it.

By entering his plea movant waived all defenses other than failure of the amended information to charge an offense. See *Winningham*, 646 S.W.2d at 147. See also *State v. Small*, 386 S.W.2d 379, 382 (Mo. 1965); *State v. Morton*, 338 S.W.2d 858, 860 (Mo.1960).

*State v. McCrary*, 760 S.W.2d 542 (Mo. App.1988) and *State v. Amerson*, 661 S.W. 2d 852 (Mo.App.1983), on which movant primarily relies are not controlling. The amendment in *Amerson* was not agreed to and thus was contrary to Rule 23.08. *McCrary* apparently did not involve an amended information. Although that opinion indicates that the movant there might have been entitled to relief had there been an amended information, the court did not so hold. Here, movant consented to the amendment and plead guilty to it. The trial court had jurisdiction of the subject matter of the charge and of movant.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.