Jerry LAMB, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17396.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 11, 1991.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 28, 1991.

Jerry Lamb, Farmington, pro se.

William L. Webster, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Count I of a second amended information charged that defendant Jerry Lamb committed the class B felony of kidnapping, § 565.110, in that on July 31, 1989, he unlawfully confined his ex-wife without her consent for a substantial period for the purpose of terrorizing her. That count, in the alternative, also charged that he committed the class C felony of felonious restraint in that he knowingly restrained his ex-wife unlawfully and without her consent so as to interfere substantially with her liberty and to expose her to a substantial risk of serious physical injury. Count II of that second amended information, in the alternative, charged the defendant with armed criminal action in that he committed each felony with a deadly weapon. Pursuant to a plea bargain, the defendant entered a plea of guilty to the charge of kidnapping and armed criminal action in connection therewith. The state abandoned the alternative charges. In accordance with the plea bargain, the defendant was sentenced to concurrent terms of imprisonment for 10 years. Upon a pro se motion, the defendant was granted permission to file a late notice of appeal. By his pro se brief, he states two points. The following is an outline of the chronology of events in the case sufficient for the resolution of those points.

September 7, 1989—Transcript of preliminary hearing filed in Division II of the Circuit Court of Newton County

September 7, 1989—The cause was transferred to Division III for trial before The Honorable Don J. Killebrew, Jr.

September 11, 1989—Initial information filed charging felonious restraint or in the alternative kidnapping and armed criminal action in connection with felonious restraint

March 2, 1990—First amended information filed charging, in Count I, the offense of kidnapping and in Count II the offense of armed criminal action in connection therewith

April 12, 1990—Motion for Disqualification or Recusal of Judge Killebrew, alleging he had presided over the defendant's divorce and in connection with the pending case had made rulings adverse to the defendant

April 16, 1990—Motion heard and denied

July 23, 1990—Second amended information filed

August 16, 1990—Pleas of guilty were entered and defendant was sentenced as stated above

■ Defendant's first point is:

"The plea of guilty judge lost jurisdiction when he failed to disqualify himself on a timely motion in the alternate because he could not be fair in that he presided over a divorce action between the appellant and the victim and prevented appellant in this case from using any matters in the dissolution case to perfect a defense and surface his defense that the dissolution case was the motivation behind the false criminal charges."

The motion for disqualification was not timely filed. Rule 32.07. Further, it is well settled law that the mere fact

"[t]hat a trial judge has previously made adverse rulings against a party or had previous contact with the defendant in criminal matters does not establish prejudice. (Citations omitted.)" *State v. Owens*, 759 S.W.2d 73, 75 (Mo.App.1988).

Defendant's first point has no merit.

■ The defendant's second point is:

"The trial court lost jurisdiction when the state was allowed to proceed on the amended information that changed the charge and prejudiced the appellant."

To support this point, the defendant cites *State v. Gladies*, 456 S.W.2d 23 (Mo.1970); *Wickline v. State*, 718 S.W.2d 604 (Mo.App.

1986); *State v. Murphy*, 626 S.W.2d 649 (Mo.App.1981). Those cases are not on point and do not aid the defendant.

His position is supported by the following statement:

"[N]or is there any question that under [*State v.] Amerson* [661 S.W.2d 852 (Mo. App.1983) ], if an amended information is filed which charges a different offense, the court acquires no jurisdiction of the new offense. McCrary is entitled to appeal after a guilty plea if the court in fact did not acquire jurisdiction because a different charge was inserted in an amended information. *State v. McKinzie*, 736 S.W.2d 571, 572[1–3] (Mo.App. 1987)." *State v. McCrary*, 760 S.W.2d 542, 543 (Mo.App.1988).

However, that statement is dictum. The cases cited to support that proposition are factually inapposite.

It is well settled that by a plea of guilty defendant waives all defenses not going to the jurisdiction of the court. *Winningham v. State*, 646 S.W.2d 145 (Mo.App.1983). Also see *State v. Small*, 386 S.W.2d 379 (Mo.1965); *State v. Morton*, 338 S.W.2d 858 (Mo.1960). "By entering his plea movant waived all defenses other than failure of the amended information to charge an offense." *Hayden v. State*, 769 S.W.2d 845, 846 (Mo.App.1989).

The defendant's second point is denied and the judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, J., concur.