Jerry A. LAMB, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17836.

Missouri Court of Appeals,
Southern District,
Division Two.

June 22, 1992.

Gary E. Brotherton, Columbia, for movant-appellant.

Jerry Lamb, pro se.

William L. Webster, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant, Jerry A. Lamb, was charged with kidnapping his ex-wife, § 565.110, and armed criminal action, § 571.015. As a result of a plea bargain, Movant entered pleas of guilty to those charges. Pursuant to the plea bargain he was sentenced to concurrent terms of imprisonment for 10 years. His direct appeal from those pleas and sentences was denied. *State v. Lamb*, 817 S.W.2d 642 (Mo.App.1991). He also filed a pro se motion under Rule 24.035 seeking to set aside those pleas and sentences. Counsel was appointed and an amended motion was filed. He was accorded an evidentiary hearing in which he personally participated. See Rule 24.035(h). The motion court, in a thorough and commendable fashion, made detailed findings of fact and conclusions of law and denied the motion. Movant appeals.

Movant by counsel states two points on appeal. His first point is:

"The motion court clearly erred in denying appellant's Rule 24.035 motion because the record leaves a firm impression that a mistake has been made since appellant alleged facts constituting a denial of his right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution, which rendered his plea involuntary in that he felt scared and intimidated by the trial court's taking his heart medication away prior to the guilty plea hearing."

The point is misconceived. The motion court did not deny movant's Rule 24.035 motion on the basis of alleged facts, although it could have properly done so. The transcript of the plea hearing includes the following testimony concerning movant's heart medication:

"Q. Have you had any drugs or medication of any kind in the last 24 hours?

A. Yes, sir.

Q. Would you please state what that medication or drugs might be?

A. They are medication given to me, your Honor, for my heart. They are heart medicine for high blood pressure and heart disease.

Q. You know the names of this medication?

A. Yes, sir, one of them is called Vasotec. The other one is Procardia. And then there's several others I don't know, but I am wearing a nitro patch at this time, too.

Q. Are you fully aware of what's transpiring here today?

A. Yes, sir.

Q. You are fully alert?

A. Yes, sir."

The transcript conclusively shows that movant was entitled to no relief on the basis of the alleged facts.

Nonetheless, movant was accorded an evidentiary hearing. He testified in a rambling, disjointed and self-contradictory fashion concerning his heart condition and his need for medication and treatment. The credibility of movant was for the motion court. *Schone v. State*, 812 S.W.2d 539 (Mo.App.1991). The motion court found "movant to be artfully argumentative and finds much of his testimony to be contradictory and not credible." The motion court also found the movant's plea of guilty was knowingly, intelligently and voluntarily made. That finding is supported by the record. Movant's counsel's first point is denied.

■ Movant's second point stated by counsel is that the motion court erred because the evidence established movant received ineffective assistance of counsel because counsel failed to advise him of the consequences of an *Alford* plea. It is true that in the guilty plea proceedings no one used the terminology "*Alford* plea." It is also true movant believed pretrial orders of the trial court would bar him from presenting evidence he thought relevant to his defense. He understood he could attack those orders only by direct appeal. However, he acknowledged there was a factual basis for his plea of guilty. He believed the jury would find him guilty and feared a sentence of imprisonment of 35 years. He summarized his feelings in the following language:

"THE DEFENDANT: What I've seen here, I can't afford to go before that jury and take 20 or 30 years. I will not survive it. It's like a death sentence. So I am forced to accept this ten years, whether I like it or not."

In announcing the terms of the plea bargain, movant's counsel stated:

"Judge, Mr. Lamb is to plea to each count, with a ten-year sentence on each count, two sentences, to run concurrently."

It is clear that movant understood that by accepting the plea bargain he would be sentenced to concurrent terms of imprisonment for 10 years. His second point is denied.

In a pro se supplemental brief, movant states two related points. The first point is:

"[T]he hearing judge abused his discretion in not granting a continuance because the appellant indisputably showed that counsel was not ready for the Rule 24.035 proceeding, and in the alternate, that the lack of preparation was made clear and manifested itself when counsel failed to call and present material witnesses that were relevant to all the issues raised in the motions, especially as to his understanding that Kansas charges would be dropped, and that he would serve very little time on sentence imposed...."

The second is:

"The hearing court abused its discretion ... when it failed to order the pleas set aside on the grounds that appellant was subjectively led to believe the Kansas charges would be dropped and appellant was to serve very little time on the Missouri charges...."

■ Under these points, movant's first contention that the motion court erred in not granting a continuance has the following background. Immediately before the hearing commenced, movant pro se requested a continuance. He stated, in general terms, that he did not feel he and his attorney were prepared. He did not file a written motion. Rules 24.09 and 24.10, 65.03 and 65.04. His request was properly

denied on that procedural basis. Moreover, the record demonstrates that his request for a continuance was frivolous. When he made his request, movant made no suggestion concerning what had not been done to prepare for trial. He now contends it was a failure to obtain the presence of witnesses concerning his understanding that the Kansas charges would be dropped and that he would receive very little time on any sentence imposed.

The plea transcript includes the following:

"[DEFENSE COUNSEL:] The attorney general or assistant attorney general, Mr. Bruce, has agreed to contact the prosecuting attorney over at Kansas and try to get him to dismiss the charges over there. Mr. Bruce advises me, and I have advised Mr. Lamb that he did contact the prosecuting attorney over in Kansas, and that the prosecutor said he would think about doing that, but he has not committed himself. He has not said whether he's going to dismiss the charges or not going to dismiss the charges, and I've explained that to Mr. Lamb as well. Is that right, Jerry?

THE DEFENDANT: That's right.

\* \* \*

[DEFENSE COUNSEL:] Judge, I think we covered this earlier, but we've been in here quite awhile. Jerry, you understand we don't have any promises from Kansas?

THE DEFENDANT: Right."

The plea transcript also includes an admonition to the movant that there was no assurance of the amount of time he would have to serve on the sentences to be imposed. That explanation concluded with the following:

"[DEFENSE COUNSEL:] And that on these type of offenses, that you could expect to serve at least a third, and that doesn't mean that you would get out at that time. And, in fact, I believe I related to you yesterday that most people on these kinds of things serve longer than that?

THE DEFENDANT: That's correct."

The record establishes movant's request for a continuance had no substantive basis. The same record conclusively shows movant's remaining contentions under his supplemental brief are devoid of merit. They are denied. The judgment is affirmed.

FLANIGAN, C.J., and SHRUM, P.J., concur.