**STATE of Missouri, Respondent,**

v.

**Jess Solomon IVEY, Appellant.**

No. 53914.

Supreme Court of Missouri,

Division No. 1.

June 9, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied July 14, 1969.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

William J. Shaw, Clayton, for appellant.

HIGGINS, Commissioner.

Appeal from denial of Motion to Vacate Judgment and Sentence. Criminal Rule 27.26, V.A.M.R.

In December, 1955, Jess Solomon Ivey was convicted by a jury of the crime of statutory rape. § 559.260, V.A.M.S. His punishment was assessed at 35-years' imprisonment; he was sentenced accordingly and, upon appeal, his conviction was affirmed. State v. Ivey, Mo., 303 S.W.2d 585, cert. den. Ivey v. Nash, 362 U.S. 979, 80 S.Ct. 1065, 4 L.Ed.2d 1014.

Statement of facts in detail may be found in State v. Ivey, supra. The facts of this appeal will be developed as necessary to the discussion of appellant's points.

Appellant was interrupted in the commission of the rape by patrolling officers in the late afternoon March 21, 1955. The officers took the 15-year-old victim home in their patrol car, following appellant in his automobile. When they arrived at the victim's home, they discussed the matter with the victim's mother and, upon request

for prosecution, the officers went next door and arrested appellant without a warrant. An indictment was obtained March 31, 1955, and arraignment took place on the first day of trial, October 17, 1955. At the hearing on his motion to vacate, appellant testified he was held incommunicado from his arrest to August 26, 1955, and that he did not see his attorney until trial time; however, appellant's trial attorney, Mr. Charles Shaw, was positive that he had conferred with appellant prior to trial and after, if not before, his appointment May 27, 1955. Appellant contends that these circumstances prove a violation of his right not to be held in excess of twenty hours without a warrant, Criminal Rule 21.14, V.A.M.R., Section 544.170, V.A.M.S., his rights to a speedy trial, not to be held incommunicado, and to effective legal assistance, U.S.Const., Amendments V, VI, XIV, Mo.Const., Art. I, Secs. X, XIV, XVIII(a).

■ The trial court obviously disbelieved appellant with respect to his being held incommunicado. He presented no evidence to show how failure to comply with Criminal Rule 21.14 prejudiced his right to a fair trial, and there is no demand for earlier trial or other evidence to show that the interval from March 21, 1955, to October 17, 1955, was a denial of a speedy trial. Detention for more than twenty hours without a warrant does not, of itself, invalidate a conviction and, if appellant wished to attack the validity of his arrest and detention, he should have done so prior to trial and not by collateral attack. State v. Worley, Mo., 383 S.W.2d 529, 533 [7, 8]; State v. Keeble, Mo., 399 S.W.2d 118, 121–122[13]; State v. Gee, Mo., 408 S.W.2d 1, 2[1].

■ Referring to the same evidence and citing again the statutory and constitutional authorities of his first point, appellant contends he was denied his right to arraignment or preliminary hearing by the prosecuting attorney and that the prosecuting attorney failed to provide any valid evidence to the grand jury. Appellant was indicted by a grand jury March 31, 1955, and there is no requirement that a preliminary hearing be accorded on grand jury indictments. State v. Maloney, Mo., 434 S. W.2d 487, 496[11]; State v. Turner, Mo., 353 S.W.2d 602, 604[4]; State v. Green, Mo., 305 S.W.2d 863, 868–869[3, 4]. There was an affirmative showing that five witnesses testified before the grand jury and that body is the judge of the sufficiency of evidence to support its indictment. State v. Selle, Mo., 367 S.W.2d 522, 526[2]; State ex rel. Clagett v. James, Mo., 327 S. W.2d 278, 284[5]. The record further shows affirmatively the arraignment of appellant October 17, 1955, at which time he waived reading of the indictment and went to trial on his plea of not guilty.

■ Appellant complains he was deprived of his constitutional rights to confront and cross-examine the prosecuting witness. It is not necessary to discuss the rights of confrontation and cross-examination of witnesses guaranteed by Amendment VI; U. S. Constitution, Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923, because the prosecuting witness did not testify. In that circumstance such rights never arise, State v. Eaton, Mo., 302 S.W.2d 866, 875[8], State v. Dixon, Mo., 190 S.W. 290, 294[7]; and this record shows affirmatively that the prosecutrix, a 15-year-old retarded girl, did not testify on account of defendant's own motion to disqualify her on the ground "she is not competent to testify in the case."

■ Appellant testified at the hearing that there was evidence at St. Louis County Hospital showing he was impotent at the time of the alleged offense and that counsel, although requested to do so, refused to use such evidence at trial. He contends this is a violation of constitutional rights to fair trial, effective counsel, and due process. Mr. Shaw testified on this issue also. He had never had any evidence of appellant's impotence, and the record shows that hospital records, if any, to that effect had been destroyed due to lapse of the 10-year holding period. Ob-

viously the trial court was not persuaded by appellant's conclusionary testimony and he thus failed to meet the burden enjoined on him by Criminal Rule 27.26 of proving his grounds for relief. Crosswhite v. State, Mo., 426 S.W.2d 67, 70 [1].

■ Appellant charges he was prejudiced by failure of trial counsel to object and request a mistrial when Dr. Ernst Schroeder gave his expert opinion that "the most likely cause for that ruptured hymen seems to be a penetration by a male organ by intercourse." He argues the question and answer "appear fatal" because the answer was speculative in violation of evidentiary rules governing hypothetical questions, and the question called for an opinion outside the medical field, a conclusion as easily within the knowledge of the jury as of the physician. Fields v. Luck, Mo., 44 S.W.2d 18; Stearns v. Prudential Ins. Co., 235 Mo.App. 135, 140 S.W.2d 766.

Examination of the question and answer demonstrates that they were well within the discretion of the trial court and the province of expert testimony on the issue of causal connection, Baker v. Kansas City Terminal Ry. Co., Mo., 250 S.W.2d 999, 1007[5]:

"Q (By Mr. Stevens) 'Doctor, as an expert, after your examination of Diana Menley and finding her hymen in the condition in which you found it on the 21st day of March, 1955, assuming that condition and assuming that there was a girl fifteen years old with the same physical aspects of Diana Menley at 5:55 of the afternoon of the day of your examination, she had been in an automobile and a man was found above her in the car facing her with his face toward her fact [face] and she was found to have her dress above her waist and to have no undergarments on the lower part of her body except a pair of pants around one knee, and the man was found with zipper or fastener of his pants undone, and her pants to have blood on them in the crotch, and later examination

revealed that the pants and slip which she has been wearing at that time had seminal fluid on them, in your opinion what would have been the cause of the laceration of the hymen of such a girl?'

"This answer was given without objection; 'After I hear the history what happened before and after my examination, in my opinion I believe the most likely cause for that ruptured hymen seems to be penetration by a male organ by intercourse; however, it is possible that a ruptured hymen can appear by other cause, by an injury, or maybe it can be done by finger. The most likely cause seems to be sexual relation, but I cannot rule out other causes.' "

■ If it was appellant's intention under this charge to complain also of ineffective assistance of counsel, suffice to say that since the evidence was properly in the case, counsel could not be convicted of inefficiency for failure to object to its offer and receipt.

■ Appellant charges error in overruling his motion to vacate for the reason that the evidence fails to prove any penetration, thus failing to prove a corpus delecti. By his brief, "Appellant realizes that this exact point was ruled by this Court in State v. Ivey, 303 S.W.2d 585 (Mo.1957) when his original conviction was affirmed." Since this precise issue previously was adjudicated adversely to appellant, he is precluded from litigating the question further by motion to vacate under Rule 27.26, supra. State v. Thompson, Mo., 324 S.W.2d 133, 139[8]; State v. Morton, Mo., 349 S.W.2d 914, 915[2]; White v. State, Mo., 430 S.W.2d 144, 146[2].

■ Appellant stated at the hearing that during trial, in presence of the jury, his lawyer stated he was a fool and should plead guilty, and charges his rights to fair trial, effective counsel, and due process were thus violated. Mr. Shaw testified on

this issue also, stating that there was no such incident and he was corroborated by the court reporter who was present at all times when the jury was in the box. The court once more obviously disbelieved appellant and he thus failed to meet his burden of proof on this issue. Crosswhite v. State, supra.

■ Finally, appellant charges that his motion to vacate should not have been overruled because certain papers were stolen from him and their theft prevented a fair hearing on his motion. Appellant testified that while in jail pending hearing on his motion papers containing affidavits that he was impotent at the time of the alleged offense were stolen from him. His argument is that the alleged theft from him while in custody violated his rights to a fair review and to freedom from search and seizure. It appears from appellant's testimony that the purported papers were statements of fellow inmates whose names he did not know in full and he did not know who was supposed to have notarized the affidavits. Warden Hendley of the St. Louis County jail testified that no one could see appellant's papers without his permission and there was no evidence of illegal search and seizure by the authorities. As with other issues, this also involved credibility of witnesses and conflict of evidence, and the trial court resolved the issue against appellant. Crosswhite v. State, supra.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.