Robert Eugene McGLATHERY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 55902.

Supreme Court of Missouri,
Division No. 1.

April 12, 1971.

William Aull, III, Lexington, for Robert Eugene McGlathery.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

A jury found Robert Eugene Mc-Glathery guilty of burglary in the second degree and the court, under the provisions

of § 556.280,[1] fixed his sentence at ten years' imprisonment. Upon appeal this court affirmed. See State v. McGlathery, Mo., 412 S.W.2d 445. On March 4, 1970, movant (hereinafter sometimes referred to as defendant) filed a motion under S.Ct. Rule 27.26, V.A.M.R., to vacate the judgment. At the conclusion of an evidentiary hearing the trial court found the facts and issues against defendant's contentions and accordingly overruled the motion. Defendant has appealed from that order and judgment.

The pro se motion is a long, rambling, repetitious instrument occupying 48 pages of the transcript. However, when properly analyzed it is found to allege that the judgment should be set aside because (1) the arrest was illegal and therefore the shoes thereafter taken from defendant were not admissible in evidence, (2) defendant was held more than 20 hours before a complaint was filed, in violation of § 544.170, and (3) the complaint filed before the magistrate did not state sufficient facts to charge the offense.

Our opinion on the first appeal discloses that defendant was convicted of the burglary of the North Gate Supermarket in Odessa. At about 11 p. m. on June 16, 1965, a light colored 1959 Dodge automobile was parked about two blocks west of the supermarket and two men left the car and walked in the direction of the market. Wyman Murphy and his mother lived nearby and observed the men park the automobile and leave it. Something about the occurrence made them suspicious and one of them called the night watchman who examined the automobile and obtained the license number. He checked the number with the Highway Patrol and learned that defendant was the owner of the vehicle. He continued to check the car from time to time and about 2:30 a. m., heard a burglar alarm coming from the market and drove towards the Dodge which he observed being driven away at a high rate of speed with its lights off. He pursued the vehicle but was unable to overtake it. He called the Highway Patrol and gave them a description of the car, its license number, and the information that one of the occupants was wearing a black shirt which was short so that some white could be seen between it and his pants. At 2:57 a. m., Trooper Dallam of the Patrol, in accordance with information he had received, stopped the automobile in question at an intersection in Jackson County and defendant identified himself as the driver. The trooper noticed that the T-shirt he was wearing fitted the description of that which had been given to him. He also observed that appellant was wearing muddy shoes. Defendant told the trooper that he had not been in Odessa.

A further investigation by the officers in Odessa disclosed that a hole had been knocked through a concrete block wall in the supermarket building and they observed numerous footprints in the rear of the building. These were preserved and later compared with shoes taken from defendant and found to be identical in comparison, including the brand name "Nunn Bush" appearing on the heels of the shoes.

After arrest defendant was taken by Trooper Dallam to the Jackson County Patrol Headquarters and at about 5:30 a. m., was delivered to the sheriff of Lafayette County who returned him to the county jail.

Very little of the evidence adduced at the hearing of the 27.26 motion need be stated. There was evidence to the effect that defendant was arrested without a warrant and held for two or three hours before the patrol delivered him to the sheriff of Lafayette County. The complaint was not filed in magistrate court and warrant issued until June 18, 1965. There was some indication that perhaps the delay in filing the complaint occurred because the magistrate was not in his office on the 17th, but the magistrate testified that his clerk was

---

1. Statutory references are to RSMo 1969, V.A.M.S.

there and could have issued the warrant. The sheriff also testified that he continued to investigate the case during all of the 17th.

■ Defendant contends that his conviction should be set aside because he was illegally arrested without a warrant and held for more than 20 hours in violation of § 544.170. In the first place we agree with the finding of the trial court that defendant's arrest was valid since there was probable cause for the officers to believe that he had committed the felony in question. State v. Murray, Mo.Sup., 445 S.W.2d 296. Moreover, there was no complaint in the trial court, either before trial or during trial or in the motion for new trial, concerning the fact that defendant was arrested without a warrant and held for more than 20 hours without a complaint being filed. In that connection we recently stated that "[d]etention for more than twenty hours without a warrant does not, of itself, invalidate a conviction and, if appellant wished to attack the validity of his arrest and detention, he should have done so prior to trial and not by collateral attack. State v. Worley, Mo., 383 S.W.2d 529, 533 [7, 8]; State v. Keeble, Mo., 399 S.W.2d 118, 121–122 [13]; State v. Gee, Mo., 408 S.W.2d 1, 2 [1]." State v. Ivey, Mo.Sup., 442 S.W.2d 506, 508. In our examination of the transcript of the trial we note also that no motion was filed to suppress from admission in evidence the pair of shoes taken from defendant after his arrest and they were admitted in evidence without objection. We accordingly rule adversely to defendant on the issues relating to his arrest and detention.

■ The remaining contention is that defendant's conviction should be set aside because the affidavit filed in the magistrate court did not state sufficient facts to charge the offense. The merits of that contention are not before us for review. This for the reason that it is a well established general rule that irregularities or imperfections in the magistrate court pro-

ceedings in felony cases are waived if the defendant pleads in the circuit court without, in some manner, raising his objections to the preliminary proceedings. And this court has specifically held that any objections to the sufficiency of the complaint is waived if the defendant pleads to the information without raising the question. State v. Shuls, 329 Mo. 245, 44 S.W.2d 94 [2]. In this case the point was raised for the first time in the motion to vacate. It is not a matter which will support a collateral attack on the judgment and hence, as stated, was raised too late.

The judgment is affirmed.

All concur.

