STATE of Missouri, Respondent,

v.

Earl RHODES, Appellant.

No. 40509.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 13, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Robert A. Hampe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant was found guilty of stealing a motor vehicle, see § 560.156 and § 560.161 RSMo 1969, both now repealed, and pursuant to the Second Offender Act was sentenced by the court to imprisonment for a term of four years.

From the evidence a jury reasonably could find the following. On January 31, 1977, appellant drove a panel truck onto the parking lot of the Westroads Shopping Center. A passenger in the truck, Henry Goodin, left the truck and walked to a 1976 Cadillac owned by Dr. Harry L. Acker. By use of "vise grips" he opened the locked door on the passenger side and then "pulled the ignition." He drove the Cadillac from its parking place and followed the panel truck operated by appellant to the south portion of the parking lot preparatory to entering the street when both vehicles were stopped by the police. Neither appellant nor Henry Goodin had permission of Dr. Acker to use or operate the Cadillac.

Appellant was placed under arrest immediately after his truck was stopped and was taken to the Richmond Heights Police Department. A complaint was then made by Police Sergeant Jerry Wild and filed with the First District Magistrate Court of St. Louis County. The affidavit was signed by Sergeant Wild, and it recited that it was "Sworn to and subscribed before me this 31st day of January 1977," but it does not contain the signature of either the magistrate judge or the clerk, or of anyone else authorized to administer oaths. A preliminary hearing was held, and an information in proper form was later filed charging appellant with stealing a motor vehicle, therein described as the 1974 Cadillac belonging to Dr. Acker. At arraignment, with counsel present, appellant waived a reading of the information and entered a plea of not guilty. In the afternoon of the second day of trial, and after several witnesses had testified, appellant for the first time pointed out to the trial court that although the complaint had been signed by Officer Wild it had not been verified although it contained the impression of a seal. The trial court denied appellant's request that the case be dismissed or a mistrial declared because of this deficiency.

Rule 21.08 provides, in part, that "Whenever complaint shall be made in writing, verified by oath or affirmation (including an oath or affirmation on information and belief by a prosecuting attorney) and filed in any court having original jurisdiction to try criminal offenses, charging that a felony has been committed by a named accused, * * * it shall be the duty of the judge or magistrate thereof * * * to issue a warrant reciting the accusations and commanding the officer to whom it shall be directed forthwith to take the accused and bring him before such judge or magistrate to be dealt with according to law. * *." The essential issue is whether an unverified complaint is a nullity resulting in all subsequent proceedings being void, or whether that deficiency is non-jurisdictional and therefore subject to being waived by appellant when he participated in the preliminary hearing, and upon arraignment entering a plea of not guilty, and then proceeding to trial without objecting to this deficiency in the complaint.

The filing of a complaint in the magistrate court does not constitute a criminal prosecution, but is the first step in instituting a criminal charge. *Arnold v. State*, 484 S.W.2d 248 (Mo.1972). The complaint performs the same office that an indictment or information does in the circuit court. "The purposes of a complaint or affidavit are to advise accused of the charge made against him and to enable the committing magistrate to determine whether or not accused should be bound over to stand trial for the offense, * * *." 22 C.J.S Criminal Law § 303, p. 793. We know of no Constitutional requirement that a complaint must be verified, and the knowledge to be imparted thereby is as complete with an unverified complaint as when verified. The purpose of verification of a complaint is the same as the purpose of the verification of an information which, as stated in *State v. Jordan*, 102 S.W.2d 575, 576 (Mo.1937), is "a guaranty of the good faith of the prosecution, and to prevent a careless and reckless prosecution of a citizen."

In *McGlathery v. State*, 465 S.W.2d 496, 498 (Mo.1971), it was stated that "it is a well established general rule that irregularities or imperfections in the magistrate

court proceedings in felony cases are waived if the defendant pleads in the circuit court without, in some manner, raising his objections to the preliminary proceedings." See also *State v. Taylor*, 362 Mo. 676, 243 S.W.2d 301 (Mo.1951); *State v. McMillian*, 383 S.W.2d 721 (Mo.1964); *State v. Small*, 386 S.W.2d 379 (Mo.1965); *Richardson v. State*, 470 S.W.2d 479 (Mo.1971); *State v. Frankum*, 425 S.W.2d 183 (Mo. 1968); *State v. Herron*, 376 S.W.2d 192 (Mo. 1964); *State v. Layton*, 332 Mo. 216, 58 S.W.2d 454 (1933); *State v. Gartland*, 304 Mo. 87, 263 S.W. 165 (1924); *State v. Jack*, 209 S.W. 890 (Mo.1919). In the *McGlathery* case, the alleged defect in the complaint was that the affidavit did not state sufficient facts to charge the offense, and the court stated at page 498, that it had "specifically held that any objection to the sufficiency of the complaint is waived if the defendant pleads to the information without raising the question."

Appellant asserts however, that this rule does not apply to the circumstances of this case. He argues that while one may waive defects concerning "the merits of the complaint," for example, whether the complaining witness personally knows the facts, *State v. Herron*, supra, the requirements to be met to constitute a complaint cannot be waived. He cites and relies on *State v. Nichols*, 330 Mo. 114, 49 S.W.2d 14 (1932). In that case no complaint, verified or unverified, was filed.

As previously noted, the complaint serves the same purpose before the magistrate court as the information before the circuit court. In *State v. Jordan*, supra, the information was signed by the prosecuting attorney, but it was not verified by the clerk of the circuit court. Quoting from *State v. Brown*, 181 Mo. 192, 79 S.W. 1111, 1121 (1904), the court stated: "The only defect, then, is the failure to verify it [the information] by the oath of the prosecuting attorney or some competent witness. What, then, was the purpose of requiring the information to be verified? It was not to confer jurisdiction on the criminal courts to try cases of felony. That was conferred by the Constitution and laws of the state cre-

ating those courts. It was not to define what should constitute a sufficient charge in the information, because that, also, was prescribed in the Bill of Rights, and the long-established practice as to the essentials of a good indictment. The statute, on its face, shows that the verification is something additional to and dehors the body of the information itself, and which would not and could not make the information good, if otherwise defective in substance. That it is no part of the information itself is apparent from the fact that the affidavit may be made by a witness and filed with the prosecuting attorney—a thing separate and apart from the information and something additional thereto. Its purpose was to afford the defendant a guaranty of the good faith of the prosecution, and to prevent a careless and reckless prosecution of a citizen. It is, then, not a part of the information, but a step directed to be taken in aid of it. * * * The jurisdiction of the court does not depend on the affidavit, neither is the sufficiency of the information affected by it." The court then concluded: "We have consistently ruled that an information is valid without a verification if no motion to quash is filed. This is only a formal defect, and the appellant going to trial without first having filed a motion to quash the information has waived this defect."

What the Supreme Court of this state said in the *Jordan* case concerning an unverified information applies equally as well to an unverified complaint. We find no merit to this contention by appellant.

Appellant also asserts that the trial court erred in admitting "State's exhibits 6 through 18 into evidence when the existence of those exhibits had not been disclosed to defendant's counsel."

These exhibits consisted of tools and appliances found in the panel truck operated by appellant. We first note that exhibits 6, 9 and 11 were not admitted into evidence, and second, there is no mention in the motion for new trial of exhibits 13 through 18.

■ Rule 25.32 provides that in certain circumstances "the state shall, upon written request of defendant's counsel, disclose to defendant's counsel" the items it intends to introduce into evidence. Appellant does not contend that he made a written request pursuant to this rule and the record does not disclose such request. He argues that he "justifiably relied on the Prosecutor's assertion that the given discovery material was complete." Nowhere in his brief is the substance of this alleged "assertion" set out, and we cannot determine from what is before us whether there was "justifiable" reliance. From a statement by appellant's counsel to the trial court it appears that the prosecutor, without a request, furnished appellant's counsel a copy of a police report. Appellant then argued to the trial court that "since it began the disclosure" the state was under "a continuing and complete obligation to disclose whether requested or not since they have undertaken to give us what we thought was all the discovery." We do not agree. Because the prosecutor voluntarily furnished appellant a copy of a police report, there did not then arise a duty without a request from appellant to disclose that the prosecutor intended to introduce in evidence exhibits 7, 8, 10 and 12. Those exhibits consisted of a socket wrench with extension, an "adjustable tool," and a "fitting." None were exculpatory in nature. Therefore, the state had no duty to disclose their existence pursuant to the rule announced in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). See also *State v. Bebee*, 577 S.W.2d 658 (Mo.App.1979).

■ Finally, the mere failure to disclose, even in violation of the rules of discovery, "does not in and of itself entitle appellant to a new trial; it must be shown that the nondisclosure resulted in fundamental unfairness, * * *." *State v. Bebee*, supra at p. 661. Appellant makes no argument to that effect and there is no basis to determine prejudice, assuming there was a duty to disclose which we are convinced there was not.

■ Appellant's third point is that the trial court erred in failing to grant his motion for judgment of acquittal "since the critical fact of ownership of the stolen property was not proved by the state."

Dr. Acker testified that he owned a 1976 Cadillac Coupe Deville, which was "white over blue" in color, and that on January 31, 1977, he placed it "about four parking spaces from Popes' Cafeteria" on the Westroads parking lot, and then locked its doors and took the key with him. About thirty minutes later his automobile was not where he had parked it, but later that day he saw his automobile in front of "Stix Westroads." He examined that automobile and identified it as being his, and based that identification on the facts that it was the "same color" and had the same "interior," and that it had the "same license plates on it." There is no contention that the automobile in front of "Stix Westroads" was not the automobile that Henry Goodin had attempted to drive out of the parking lot.

Appellant asserts in his brief that "the evidence of ownership of the stolen vehicle is particularly weak." In support of this he sets out the following circumstances.

(1) Dr. Acker stated he could identify the automobile as his by the color and things inside the car, but "was unable to identify the exhibits which were taken from the car." He apparently was shown what he said looked like an ignition key and "the door barrel lock." Neither had been identified as an exhibit, and he stated he could not be "sure" where those items came from. The only items which had been identified as exhibits and which had been taken from the automobile and shown to him, and which appellant asserts he was "unable to identify," were a plastic handled screwdriver, the "vice grips," and an "ignition puller." Dr. Acker stated only that he had not left them his automobile.

(2) Although Dr. Acker testified that he identified the stolen automobile as his "through recognition of the license plate number," there was no proof that the plate numbers corresponded with those for an automobile owned by him. Appellant ar-

gues that proof of ownership "would have been most effectively formed by production of the required certificate of ownership," and the "absence of the best and easiest to produce evidence is suspect."

Dr. Acker positively testified that the automobile which Henry Goodin opened the door with "vice grips" and "pulled" the ignition, and then attempted to drive off of the parking lot was his automobile. This was sufficient proof of ownership of the stolen automobile. Appellant's contentions go only to the weight to be given his testimony.

Appellant's final point is that it was error to give MAI–CR Instruction 7.70 "because that instruction is ambiguous in that it does not inform the jury what standard of proof it should apply in trying evidence as to the fact of ownership of stolen property."

The jury was told by the instruction that it could find appellant guilty only if they were able to "find and believe from the evidence beyond a reasonable doubt" that the defendant and another "took a 1976 Cadillac owned by Dr. Harry L. Acker." We consider this instruction to be perfectly clear and plain, and that no jury composed of reasonably intelligent persons could have been misled as to its meaning. Appellant cites no authority for his contentions. We consider the point to border on the frivolous, and to be of no merit.

The judgment is affirmed.

SMITH, P. J., and SATZ, J., concur.