**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Jerry DAVIS, Defendant-Appellant.**

**No. 47635.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1985.

Application to Transfer Denied April 2, 1985.

Lester W. Duggan, Jr., St. Peters, for defendant-appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Presiding Judge.

Charles Jerry Davis appeals from a judgment convicting him of possession of a weapon while intoxicated in violation of § 571.115 RSMo.1978 (repealed 1981).[1] A jury found appellant guilty and the court imposed a $500 fine. The principal point raised by appellant is the constitutionality of the warrantless police search of appellant's residence. The judgment is affirmed.

In addition to the allegation of the unconstitutionality of the residential search, appellant argues that the trial court committed error by: (1) failing to find the statute unconstitutionally vague and overbroad; (2) holding that the state made a submissible case; (3) admitting evidence that bullets which may have been from appellant's gun were found in a nearby electric transformer; (4) denying appellant's motion for a bill of particulars; (5) denying a motion to quash and dismiss because the information was too vague; and (6) reciting the wrong range of penalties in the verdict directing instruction.

On December 19, 1980, two police officers received a radio dispatch report of gunshots fired near 791 Southwell in the City of Florissant. At approximately 8:00

---

1. § 571.115 RSMo.1978 was repealed in 1981. § 571.030.1(5) RSMo.Cum.Supp.1983 is the current statute concerning possession of a weapon while intoxicated.

a.m. the two officers, in separate police cars, arrived simultaneously at 775 Southwell to find a man in the side yard holding a long gun at port arms. The temperature outside was 32° F, but the suspect wore nothing over his short sleeved tee shirt.

The man appeared to see the officers and then entered 775 Southwell, one unit of a duplex apartment, by the side door. A third officer arrived and was stationed by the side door while the other two officers knocked on the front door and announced themselves as police officers. They heard no response even though the door was slightly ajar. The officers pushed the door further open, again announced they were policemen, and began to search the apartment. They saw the outline of two people who were completely covered by a blanket on the bed in one of the bedrooms. The policemen ordered the two out of bed. One of the men was the one whom the officers had seen outside the apartment, the appellant, and the other was his son. Appellant was dressed just as he had been when he was outside the house.

When the officers ordered appellant to stand, he was unsteady on his feet and smelled of alcohol. A search revealed two long guns in the bedroom, and a nearly-empty bottle of whiskey next to a half-empty glass of whiskey in the kitchen. The officers arrested appellant for possession of a weapon while intoxicated.

One of the guns found in the bedroom was a 30.06 Remington rifle. Two 30.06 expended shell casings which had been fired from the rifle were found in the kitchen.

Bullet fragments were recovered from a Union Electric transformer located near appellant's apartment. There was evidence that the fragmented bullet had been fired from a Remington 30.06 rifle, although the ballistics expert who testified could not narrow it down to appellant's Remington rifle.

The residence which the police searched and where appellant was found was appellant's residence. At the time the police knocked, announced themselves, and then entered, they did not know whose residence it was.

Appellant was charged with possession of a firearm while intoxicated, § 571.115 RSMo.1978, and knowingly damaging property of another, § 569.110 RSMo.1978. A jury found him guilty of both offenses but the trial court granted his motion for a new trial on the possession count and his motion for judgment of acquittal on the damage to property count.

A new trial was held which resulted in the judgment now on appeal. A jury found appellant guilty of the charge of possession of a deadly weapon while intoxicated and assessed a fine as his punishment, the amount of the fine to be determined by the court. The court in its judgment set the fine at $500.

If appellant's non-constitutional claims merited reversal, it would be unnecessary to consider his points alleging violation of his constitutional rights. Inasmuch as the non-constitutional points are meritless, the alleged constitutional violations must be considered. *State ex rel. State Board of Mediation v. Pigg,* 362 Mo. 798, 244 S.W.2d 75, 79 (Mo. banc 1951).

Appellant argues that evidence of the guns and alcohol must be suppressed as the fruit of an unconstitutional search because they were seized pursuant to a warrantless search and arrest in his home. Appellant insists his constitutional rights under Art. 1, §§ 2, 10 and 15 of the Missouri Constitution, and Amendments IV, V and XIV to the United States Constitution, were violated. His point is without merit.

When the policemen saw appellant enter the apartment at 775 Southwell carrying a gun, they were investigating a report of gunshots. The officers entered the apartment because they believed that a crime had been committed and had reason to believe that additional criminal activity might be contemplated. They saw a man, appel-

lant, enter a residence with a gun. The officers did not know it was appellant's residence. He may have been breaking and entering someone else's house. Their beliefs were reasonable under the circumstances.

■ Police should be free to investigate when they hear reports of gunfire and see a person carrying a gun. The search and seizure provisions of the United States and Missouri Constitutions allow police to enter a home without a warrant where, as here, they reasonably believe a crime is being committed. *See, e.g., State v. Novak,* 428 S.W.2d 585 (Mo.1968).

The facts of the instant case are similar to *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). In *Hayden,* an armed robbery suspect hid in a house. The police entered and searched for the suspect and for weapons. Writing for the majority, Mr. Justice Brennan stated:

> The Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others. Speed here was essential, and only a thorough search of the house for persons and weapons could have insured that Hayden was the only man present and that the police had control of all weapons which could be used against them or to effect an escape.

*Id.* at 298–99, 87 S.Ct. at 1645–46.

■ The police officers responded to reports of gunshots. They saw a man holding a long gun who was not dressed for the weather. The man seemed to see the officers and went into a residence which they did not know to be his and which may have been occupied. He left the door ajar and did not respond when the officers called to him. These facts constitute exigent circumstances which justify warrantless entry into a private home.

■ Appellant also challenges the constitutionality of § 571.115 RSMo.1978 asserting that the words "possession" and "intoxication" make it unconstitutionally vague and overbroad. The point is also denied.

The appellant concedes in his brief that "The evil sought to be remedied by the prohibitory statute ... is the danger to the public ... caused by deadly weapons in the hands of intoxicated persons." This statement of the legislative purpose is correct.

■ Statutory language is to be interpreted consistent with its purpose, *U.S. v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975), and will be interpreted to make it constitutional whenever possible, *St. Louis Board of Education v. Shannon,* 640 S.W.2d 121 (Mo. banc 1982), citing *Diemer v. Weiss,* 343 Mo. 626, 627, 122 S.W.2d 922, 923 (Mo. banc 1938). Any ambiguity in the meaning of "possession" in § 571.115 is resolved by looking to the purpose of the statute. By similar logic the word "intoxicated" is not unconstitutionally vague or overbroad given the legislative purpose of the law.

The appellant points out that "possession" has multiple meanings. He cites a 1927 decision which held that control of liquor through an agent or co-principal constituted "possession." *State v. Compton,* 297 S.W. 413, 414 (Mo.App.1927), citing 33 C.J. 585.

The *Compton* decision does not apply to appellant's case. Liquor was a forbidden commodity, so possession of it through another person was no less a violation of law than actually holding a bottle.

Appellant argues his equal protection rights are violated by the exemptions contained in § 571.115 RSMo.1978, the exemption of some public officials who carry guns as part of their jobs and of people traveling peacefully through the state.

■ The appropriate standard of review is whether the legislation is rationally related to some legitimate state interest. *City of New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).

The officers who carry guns are under greater state control than ordinary citizens. Thus, it is rational to use the statute only to regulate those not authorized to bear arms.

■ Further, the legislature is not required to remedy all of a given kind of evil or none at all. *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 488–89, 75 S.Ct. 461, 464–65, 99 L.Ed. 563, 572–73 (1955). The Missouri Supreme Court has held that letting travelers carry weapons serves the legitimate interest of allowing people to protect themselves in unfamiliar surroundings. *State v. Horne*, 622 S.W.2d 956, 957 (Mo.1981). Appellant's second constitutional point is denied.

Appellant charges the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence for the jury to find that he possessed a weapon while intoxicated.

■ The standard of review for sufficiency of evidence is to "... accept as true all evidence, direct or circumstantial, and all reasonable inferences supportive of the verdict and disregard those portions of the record contrary to a finding of guilt." *State v. Turner*, 623 S.W.2d 4, 6 (Mo. banc 1981). Applying this standard there was sufficient evidence to take the case to the jury. The point is denied.

■ Appellant also alleges that the trial court erred in overruling his objections to the evidence of the guns, shell casings, bullet fragments and photographs of the damaged transformer because it was irrelevant and immaterial, because it showed evidence of other crimes (the charge of knowingly damaging property of another, of which he was acquitted), and because it constituted double jeopardy.

The double jeopardy argument is fallacious on its face. This possession offense is not the same as the damage to property offense.

The evidence was relevant along with evidence of the 30.06 rifle found to show the possession of the firearm by appellant while standing outside his residence.

■ Appellant also asserts that the issue of whether he had fired the bullets into the transformer from his 30.06 rifle was decided when he was acquitted of the property damage charge, apparently arguing collateral estoppel. The property damage charge could have been decided on other issues, that is, whether the damage amounted to more than $500 or whether appellant knowingly damaged it. Collateral estoppel does not lie.

■ Appellant further asserts that evidence of the bullet fragments should not have been admitted because it was evidence of another crime. The evidence was admissible because it legitimately tended to prove appellant's guilt of the crime charged and because proof of the two crimes was so linked together that proof of one involved proving the other. *State v. Winston*, 657 S.W.2d 399, 400[1] (Mo.App.1983). Appellant's point relating to the admission of the guns, shell casings and bullet fragments is denied.

■ Next the trial court is accused of error for denying appellant's motion for a bill of particulars, or alternatively, for denying his motion to quash and dismiss the information for vagueness. The point is denied.

The information cited § 571.115 RSMo. 1978 and set forth the elements of the offense. It included the date, time and place of appellant's acts. The information stated that appellant "Possessed, while intoxicated a deadly weapon to-wit: a long gun; defendant was observed in his backyard with a long gun after reported shots fired."

The argument that a "long gun" is not included in the statutory prohibition is not persuasive. The statute regulates "any kind of firearms." Nor did failure to specify the manufacturer and serial number of the gun or how appellant possessed his gun

(e.g., in his hand) hinder the preparation of his defense.

The information stated all essential elements of the offense. It apprised the defendant of the facts constituting the offense with sufficient clarity. *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983), Mo.Rule 23.01(b).

■ Under Rule 23.04 the trial court has discretion to direct or permit the filing of a bill of particulars. Its purpose is limited to "informing the defendant of the particulars sufficiently to prepare his defense." *State v. Anderson,* 384 S.W.2d 591, 598[2] (Mo. banc 1964).

■ In the case under review the information sufficiently apprised the appellant of the offense he was charged with so that he could prepare his defense. The trial court did not abuse its discretion when it denied the motion for a bill of particulars.

■ Appellant contends and the state admits that the trial court's instruction to the jury on the possible range of punishment was error. The error, however, was harmless and appellant's request for reversal on this point is denied.

The error came about because of an amendment to the criminal statutes effective after the commission of the offense. The classification of the offense charged had been reduced from a Class D felony to a Class B misdemeanor and the trial court should have instructed the jury on the reduced punishment. § 1.160 RSMo.1978.

Such an error is not prejudicial per se. *State v. Brewer,* 630 S.W.2d 591, 597 (Mo. App.1982). The court instructed the jury on the more severe felony punishment but the jury found appellant guilty and set his punishment as a fine, the amount to be assessed by the court. The court fined appellant $500, within the Class B misdemeanor range of punishment, which is imprisonment for a term not to exceed six months, 558.011 RSMo.1978, or a fine not to exceed $500, § 560.016 RSMo.1978. The error was not prejudicial. *See State v. Brewer, supra* at 597[6].

The judgment is affirmed.

STEWART, J., and JACK L. KOEHR, Special Judge, concur.