**Lee Odith WICKLINE,
Movant-Respondent,**

v.

**STATE of Missouri,
Respondent-Appellant.**

**Nos. 14247, 14251.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 3, 1986.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Sept. 25, 1986.

Application to Transfer Denied
Nov. 18, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

Lew Kollias, Columbia, for movant-respondent.

PHILIP G. HESS, Special Judge.

This is the consolidated appeal of respondent Wickline on his motion to vacate his conviction under Rule 27.26 [1] because the motion judge denied his claim of inadequacy of trial counsel, and the state's appeal from the motion court vacating Wickline's judgment and sentence imposed after a burglary conviction because of lack of jurisdiction by the trial court because the information was improperly amended from second degree burglary to first degree burglary at the beginning of the trial.

We sustain the motion court's ruling on the improper amendment of the information in No. 14247 (the burglary case), and accordingly declare the issue on the inade-

---

**1.** Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

quacy of counsel presented on appeal in No. 14251 moot.

Wickline originally was charged with burglary in the second degree, a class C felony, § 569.170. On November 18, 1981, a preliminary hearing was held and, on the same day, an information charging second degree burglary was filed in the trial court. After arraignment on that information, a first amended information was filed on December 14, 1981, charging Wickline as a persistent offender and raising the charge to first degree burglary, a class B felony, § 569.160.

A few days later, on December 21, 1981, a second amended petition was filed, again charging burglary in the first degree, and, on this information, Wickline was arraigned and the trial started immediately afterward.

Wickline was convicted and, as a persistent offender, received the maximum enhancement of punishment and was sentenced to 30 years in the custody of the Missouri Department of Corrections. The able motion judge, upon consideration of Wickline's motion under Rule 27.26, sustained the motion, vacated the judgment and sentence because of lack of jurisdiction to try Wickline on the first degree burglary charge, and directed that Wickline face further proceedings on the original information filed. That order was entered April 11, 1985, and the state's appeal followed.

Rule 23.08 declares that "[a]ny information may be amended ... at any time before verdict ... if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." In *State v. Thompson*, 392 S.W.2d 617, 620 (Mo.1965), the supreme court noted the conjunctive requirements of the rule permitting amendments; a) that no additional or different offense may be charged, and b) that the defendant's substantial rights may not be prejudiced. After commenting that the rule (now 23.08) and the statute (§ 545.300) are so specific that "[t]here has been relatively little discussion of this point in recent cases ...," the court went on to say, "we hardly see how a defendant could fail to have been preju-

diced when ... he was tried on a new charge for which he could have received a life sentence as contrasted with a maximum term of ten years on the original charge." *State v. Thompson*, supra, 392 S.W.2d at 621.

Without exception, Missouri case law follows in total support of the specifics found in the statute and the rule cited. *See State v. Gladies*, 456 S.W.2d 23, 25 (Mo.1970); *State v. Warfield*, 507 S.W.2d 428, 430 (Mo.App.1974); *State v. Burnside*, 527 S.W.2d 22, 24 (Mo.App.1975); *State v. Couch*, 523 S.W.2d 612, 614 (Mo.App.1975); and *State v. Amerson*, 661 S.W.2d 852, 852 (Mo.App.1983).

Little discussion is required on this point in this case, and an extended opinion would serve no precedential value. It is sufficient to say the error was jurisdictional, which cannot be waived, and, therefore, the trial was a nullity. *State v. Couch*, supra, 523 S.W.2d at 615.

The trial judge, when shown the error, corrected it. His order vacating Wickline's judgment and sentence is affirmed. The cause is remanded for further proceedings in the trial court.

GREENE, P.J., and DONALD BARNES, Special Judge, concur.