Larry **VAUGHN**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 40358.**

Missouri Court of Appeals,
Western District.

Nov. 22, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 27, 1988.

Application to Transfer Denied
Feb. 14, 1989.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

GAITAN, Judge.

This appeal is from a denial of Larry Vaughn's Rule 27.26 motion to vacate judgment and sentence for second degree murder for which he was sentenced to thirty (30) years in the Missouri Department of Corrections. § 565.004, RSMo 1978 (repealed and replaced by § 565.021, RSMo 1986). Appellant's conviction was affirmed in *State v. Vaughn*, 707 S.W.2d 422 (Mo. App.1986).

Appellant raises in the first four points on appeal that the motion court erred in denying postconviction relief, and in finding that appellant was not denied effective assistance of counsel or his right to a fair trial and due process. Appellant's fifth point is that the trial court was without jurisdiction in that the state improperly filed an amended affidavit changing the charge from felony murder to conventional murder.

An affidavit was filed in the associate division on March 3, 1984 (Case No. 108127), charging appellant with violation of § 559.020, RSMo 1979, Murder in the Second Degree. On May 10, 1984, a First Amended Affidavit was filed charging appellant with violation of § 565.004, RSMo 1978, of committing murder in the second degree. On May 11, 1984, appellant appeared personally and by counsel and waived formal arraignment as to the First Amended Affidavit. Information was filed on May 21, 1984 in Boone County Circuit Court charging the same offense as found in the First Amended Affidavit. Appellant appeared with counsel, waived formal arraignment and entered a plea of not guilty.

Appellant filed a pro se motion to vacate his conviction and sentence on June 30, 1984. He filed a pro se First Amended Motion under Rule 27.26 on August 21, 1987, and counsel filed a Second Amended Motion on October 2, 1987.

Appellant first contends that trial counsel's failure to specifically object to, preserve on motion for new trial and raise on appeal the fact that the state's verdict director lacked a cross-reference to the intoxication defense instruction resulted in a denial of effective assistance of counsel. This Court has held that the failure to include the required cross-reference for special negative defenses requires reversal because such failure is prejudicial. *State v. Cook*, 727 S.W.2d 413, 415 (Mo.App. 1987). However, appellant's motion to vacate should only be sustained if prejudice exists such that "there is a reasonable possibility that competent counsel could have obtained a different result." *Love v. State*, 670 S.W.2d 499, 504 (Mo. banc 1984).

In *Love v. State*, the movant argued that counsel was ineffective because a manslaughter instruction was not given even though mandated by the Notes on Use. *Id.* at 501. The Missouri Supreme Court ac-

knowledged that if properly raised, the absence of the instruction would have warranted the granting of a new trial. *Id.* at 502. However, the challenge was rejected because the motion court was not clearly erroneous in finding that there was not a reasonable possibility that competent counsel could have obtained a different result. *Id.* at 504.

Appellate review of a denial of postconviction relief sought in a motion to vacate or set aside sentence is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The trial court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake was made. *Knight v. State,* 491 S.W.2d 282, 284 (Mo.1973); *Richardson v. State,* 719 S.W.2d at 915.

In the case at bar, the findings of fact and conclusions of law of the motion court suggest that counsel's performance was indeed deficient. However, the court found that the outcome would not have been different had the omitted cross-reference been inserted. In making such a finding, the court relied upon the fact that the sole defense was causation and that the voluntary intoxication instruction was not a viable or palatable defense. Therefore, the court's conclusion that the outcome would not have been different is not clearly erroneous. The appellant's first point is therefore denied.

■ Appellant's second point is that he was denied due process because the verdict director lacked a cross-reference to the intoxication defense. Claims for instructional errors are generally not cognizable in Rule 27.26 proceedings. *Battle v. State,* 745 S.W.2d 730, 734 (Mo.App.1988) (Petition for Certiorari filed June 11, 1988); *Brager v. State,* 625 S.W.2d 892, 895 (Mo. App.1981). In order to present a constitutional claim in Missouri courts, the claim must be advanced "at the earliest time consistent with good pleading and orderly procedure, and must be kept alive during the course of the proceedings." *Stokes v. State,* 688 S.W.2d 19, 22–23 (Mo.App.1985). In the case at bar, appellant's filing of the claim two and one-half years after judgment was entered is not expeditious and he has shown no rare or exceptional circumstance to excuse his delay. Therefore, appellant's second point is also denied.

■ The third point of appellant's argument is that the allowance of testimony that appellant had a reputation as a fighter was erroneous and a deprivation of his right to a fair trial and due process. Appellant argues that counsel was ineffective in not seeking a mistrial and not including in the motion for a new trial the fact that a state's witness, Officer White, testified that appellant had a reputation as a fighter. Officer White's testimony on direct examination was as follows:

Q. Did you have occasion to formulate any opinion as to Larry Dean Vaughn's level of intoxication that evening, whether he was or was not intoxicated?

A. Well, he was displaying some traits of intoxication. He had blood shot eyes and his speech was somewhat slurred and, of course, he was combative, which normally might indicate intoxication given his known reputation as a fighter.

MR. STAMPER: Objection, Your Honor.

THE COURT: Objection will be sustained.

MR. STAMPER: Would you ask the jury to disregard that comment?

THE COURT: The jury will disregard that last comment.

In order to establish ineffective assistance of counsel, appellant must demonstrate both the failure to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was prejudiced by such failure. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). During the Rule 27.26 hearing, no evidence was of-

fered as to why counsel did not seek a mistrial. However, the case at bar is similar to a recent decision by this Court in *Camillo v. State*, 757 S.W.2d 234 (Mo.App. 1988). In *Camillo*, a witness testified that Camillo was "into drugs." *Id.* at 240. Counsel's objection to that testimony was sustained, but unlike the case at bar, an instruction to disregard was not given. *Id.* at 241. This Court indicated that in order to be successful on an ineffectiveness claim based upon the failure to request a mistrial or an instruction to disregard "it must be shown that, had counsel requested the additional relief, there is a reasonable probability that the result of the trial would have been different." *Id.* The reasons identified by the Court for finding that there was not a reasonable probability that the result would have been different were that (1) the comment was indefinite as to specific acts; (2) counsel's objection was promptly sustained; and (3) the comment did not play a decisive role in the determination of guilt because of the other evidence of guilt presented. *Id.*

In the case at bar, counsel's objection was promptly sustained and an instruction to disregard was given. Based upon the aforementioned facts, it was proper for the court to conclude that there was no reasonable probability that the result would have been different had counsel requested a mistrial. Therefore, counsel was not ineffective as to this point.

■ Likewise, in appellant's contention that counsel was ineffective by not raising the testimony of Officer White in the motion for a new trial, there was no evidence submitted that would overcome the inference that counsel made a reasoned decision. In *Strickland v. Washington*, the Supreme Court stated that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). This presumption that the challenged action might have been considered sound trial strategy must be overcome by the defendant. *Id.* Additionally, no evidence was submitted that would imply prejudice from the omission of this statement as a ground for a new trial. Counsel was not ineffective as to this point.

■ In appellant's fourth point, he contends that because the jury was not instructed on the amended range of punishment he was denied due process and effective assistance of counsel. Appellant argues that § 1.160(2), RSMo 1986 mandates that the jury be instructed according to the range of punishment provided in the amended statute. At the time when appellant was informed of the allegations against him in March 1984, it was done under § 565.008.2, RSMo 1978, which provided the range of punishment to be not less than ten years or more than life imprisonment. Effective October 1, 1984, § 565.021.2, RSMo 1986, provided that second degree murder is a Class A felony. The range of punishment for class A felonies is found in § 558.011, RSMo 1986, which was effective August 13, 1984. The range is "not less than ten years and not to exceed thirty years, or life imprisonment." § 558.011, RSMo 1986. Appellant was sentenced to thirty years.

It is recognized that when a penalty for a crime is reduced, the reduced penalty is applicable even though enacted after the date of the alleged offense. § 1.160(2), RSMo 1986; *State ex rel. Cole v. Nigro*, 471 S.W.2d 933, 934 (Mo. banc 1971). In order to establish that a conviction be set aside due to ineffective assistance of counsel, a movant must show that counsel failed to exercise the customary skill and diligence of a reasonable competent attorney under similar circumstances and he must be prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Although it is admitted that the range of punishment was incorrect, this error is not prejudicial per se. *State v. Brewer*, 630 S.W.2d 591, 597 (Mo.App.1982). In the case at bar, appellant received a punishment which fell within the range of punishments provided for in the amended statute. In *State v. Davis*, 685 S.W.2d 907 (Mo.App.

1984), the Eastern District addressed a similar question as now raised by appellant. In that case the charged offense was reduced from a Class D felony to a Class B misdemeanor, and the trial court failed to instruct on the reduced punishment. Davis, however, was assessed a punishment within the class B misdemeanor range. The appellate court affirmed the conviction finding no prejudice because the punishment fell within the range of the reduced punishment. *Davis*, 685 S.W.2d at 913. Appellant, in the case at bar, was sentenced to thirty years, which is the outer limit of the amended statute. Therefore, no prejudice resulted and counsel was not ineffective in failing to instruct on the amended range.

Appellant also contends that the instructional error violated due process. As previously stated, the motion court was correct in rejecting this allegation because instructional errors are not generally cognizable in Rule 27.26 proceedings. *Battle v. State*, 745 S.W.2d 730, 734 (Mo.App.1987) (Petition for certiorari filed June 11, 1988); *Brager v. State*, 625 S.W.2d 892, 895 (Mo. App.1981). For the same reasons given for denial of appellant's second point, this point is also denied.

■ The fifth and final point raised by appellant is that the trial court lost jurisdiction under Rule 23.08, when respondent filed its amended complaint alleging conventional second degree murder rather than second degree felony murder. However, Rule 23.08 applies to informations and indictments. There is no corollary rule applicable to affidavits or complaints. Under Missouri law "criminal proceedings may be initiated by filing a complaint in any court having original jurisdiction or by indictment." *State v. Thomas*, 674 S.W.2d 131, 135 (Mo.App.1984). The filing of the complaint constitutes "the first step in the information proceeding." *Id.* at 135.

Appellant relies upon *Wickline v. State*, 718 S.W.2d 604 (Mo.App.1986), as authority that the trial court was without jurisdiction. However, *Wickline* is distinguishable from the case at bar. In *Wickline*, the defendant was originally charged with sec-

ond degree burglary and the same charge was filed in the trial court. *Id.* at 605. On the date of the preliminary hearing, after arraignment on that Information, a First Amended Information was filed raising the charge to first degree burglary. *Id.* It was held that the trial court improperly amended the information and therefore, was without jurisdiction. *Id.*

■ In the case at bar, appellant was originally charged with second degree felony murder on March 3, 1984. The original affidavit was amended on May 10, 1984, to conventional second degree murder. On May 11, 1984, appellant appeared with counsel, waived formal arraignment and a preliminary hearing was conducted with the charge of conventional second degree murder. An information, charging the same crime as alleged in the first amended affidavit was filed on May 21, 1984. Appellant is attempting to equate the filing of the affidavit or complaint with an information. The filing of a complaint does not constitute a criminal prosecution, but it is the first step in instituting a criminal charge. *State v. Rhodes*, 591 S.W.2d 174, 175 (Mo.App.1979). The purposes of a complaint or affidavit "are to advise accused of the charge against him and to enable the committing magistrate to determine whether or not accused should be bound over to stand trial for the offense." *Id.* at 175 (quoting 22 C.J.S. Criminal Law § 303, p. 793). The actual charge in the case at bar occurred when the information was filed. Moreover, the amendment in the case at bar, was made prior to preliminary hearing, and therefore, appellant was not prejudiced by the amendment.

Appellant also relies on the decision in the *City of St. Louis v. Vetter*, 293 S.W.2d 140 (Mo.App.1956) and *State v. Thomas*, 438 S.W.2d 441 (Mo.1969). However, only in the St. Louis Court of Criminal Corrections exclusively is a complaint and information equated. *State v. Thomas*, 438 S.W.2d at 443. That court was statutorily created so as to have exclusive original jurisdiction of all misdemeanors committed in the City of St. Louis. *See* § 479.180, RSMo 1949 (repealed). Therefore, appel-

lant's attempt to equate those cases to the case at bar is inappropriate.

The judgment of the motion court is affirmed.

All concur.